IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | |
|---|---|
| OAKLAND/RED OAK HOLDINGS, INC., Assignee, | |
| Plaintiff, | 8:05CV252 |
| v. | |
| AAA HEALTH PRODUCTS, INC., (a/k/a QUALITY BOTANICAL INGREDIENTS, INC.), | MEMORANDUM AND ORDER |
| Defendant. | |
| HEALTH SCIENCE GROUP, INC., | |
| Intervenor. | |

This matter is before the Court on intervenor, Health Science Group, Inc.'s ("HSG") motion to dismiss plaintiff's counterclaim against HSG under Fed. R. Civ. P. 12(b)(6)(Filing No. 26). The Court has reviewed the motion, the briefs in support and opposition, the pleadings and the applicable law and finds that HSG's motion to dismiss should be denied.

### I. MOTION TO DISMISS STANDARD

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiffs are entitled to offer evidence in support of their claim, not whether they will ultimately prevail. *United States v. Aceto Chems.*

*Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989).  In viewing the facts in the light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief.  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."  *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974) (citing *Jenkins*, 395 U.S. at 421-22).  Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief."  *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979).  The Court considers the defendants' motion in light of the foregoing standard.

## II.  FACTS

Fortress System, LLC ("Debtor"), a debtor in Chapter 11 bankruptcy case, filed an adversary proceeding against AAA Health Products, Inc. a/k/a Quality Botanical Ingredients, Inc. ("QBI") in the United States Bankruptcy Court for the District of Nebraska on July 30, 2003.  Debtor and QBI entered into a stipulation for entry of consent judgment on May 24, 2005, and the Bankruptcy Court entered an order for entry of consent judgment on May 26, 2005 ("Judgment").  Plaintiff Oakland/Red Oak

-2-

Holding, Inc. ("ORO") is a creditor of Debtor and the assignee of the Judgment entered against QBI.

In an effort to collect on the Judgment, ORO attempted to garnish QBI's bank account with Bank of America ("BOA"). On or about February 22, 2006, BOA responded that QBI was located at 6080 Center Drive, 6th Floor, Los Angeles, CA 90045, and that QBI owned checking account number 991 11811. BOA further answered that QBI has no available funds in checking account number 991 11811.

BOA also responded that HSG was the owner of checking account number 993 12423, and that HSG was also, like QBI, located at 6080 Center Drive, 6th Floor, Los Angeles, CA 90045. In addition, according to BOA's records, HSG also used the same federal tax identification number as QBI. Specifically, the identical federal tax identification number for both checking account numbers 991 11811 and 993 12423 at BOA is 91-2079221.

As of the date BOA received the writ of garnishment, on or about February 13, 2006, BOA stated that the balance in HSG's checking account number 993 12423 was $13,924.94. However, as of the date BOA answered the writ of garnishment, on or about February 22, 2006, BOA stated that the balance in HSG's checking account number 993 12423 was $4,673.17.

QBI is a wholly-owned subsidiary of HSG (HSG's Brief in Support of Motion to Dismiss, p. 2). In its Counterclaim against HSG, ORO asserts that the use of a single address for HSG and QBI and the use of an identical federal tax identification number

indicates that HSG and QBI operate as one company.  According to plaintiff, these facts demonstrate that QBI is a mere instrumentality and alter ego of HSG, and therefore, the corporate entity of HSG should be disregarded and HSG and QBI should be treated as a single entity.

### III.   ARGUMENT

At issue is ownership of a bank account maintained at BOA.  The account at issue is listed under the name of HSG but uses the same tax identification number and mailing address as QBI.  Under Nebraska law, the corporate veil will be pierced when a corporation is used to ". . . perpetrate a dishonest or unjust act in contravention of the right of another."  *Wolf v. Walt*, 530 N.W.2d 890, 896 (Neb. 1995).  If the contents of the bank account at issue are properly subject to garnishment, listing them under the name of the parent corporation HSG rather than under the name of QBI would appear to "perpetrate a dishonest or unjust act in contravention" of the rights of ORO to enforce the judgment against QBI.  The fact that the tax identification number and mailing address on the HSG account is the same as that for the QBI account is evidence that the account may properly be subject to garnishment.  Thus, in viewing the facts in the light most favorable to ORO the Court finds that HSG's motion to dismiss should be denied.  Accordingly,

      IT IS ORDERED that defendant's motion to dismiss is denied.

      DATED this 17th day of July, 2006.

                            BY THE COURT:

                            /s/ Lyle E. Strom
                            _____
                            LYLE E. STROM, Senior Judge
                            United States District Court