IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| OAKLAND/RED OAK HOLDINGS, INC., Assignee, | ) ) ) | |
| Plaintiff, | ) ) | 8:05CV252 |
| v. | ) ) | |
| AAA HEALTH PRODUCTS, INC., (a/k/a QUALITY BOTANICAL INGREDIENTS, INC.), | ) ) ) ) | MEMORANDUM OPINION |
| Defendant. | ) ) | |

This matter is before the Court on the motion to dismiss with prejudice (Filing No. 47) filed by garnishees Zurich American Insurance Company and Maryland Casualty Company (collectively "Garnishees"). This motion seeks to dismiss garnishor Oakland/Red Oak Holdings, LLC.'s ("Oakland") motion to determine garnishee liability (Filing No. 44).

**I.   MOTION TO DISMISS STANDARD**

When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), well-pled allegations are considered to be true and are viewed in the light most favorable to the plaintiff. *Riley v. St. Louis County*, 153 F.3d 627, 629 (8th Cir. 1998); *Carney v. Houston*, 33 F.3d 893, 894 (8th Cir. 1994). The issue in resolving a motion to dismiss is whether the plaintiff is entitled to offer evidence in support of its claim, not whether it will ultimately prevail. *United States v. Aceto Chems. Corp.*, 872 F.2d 1373, 1376 (8th Cir. 1989). In viewing the facts in the

light most favorable to the plaintiff, the Court must determine whether the complaint states any valid claim for relief. *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). "A complaint should not be dismissed for failure to state a claim unless it is clear that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Jenkins v. McKeithen*, 395 U.S. 411, 422 (1969); *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)(citing *Jenkins*, 395 U.S. at 421-22). Thus, a dismissal under Rule 12(b)(6) is likely to be granted "only in the unusual case in which a plaintiff includes allegations which show on the face of the complaint that there is some insuperable bar to relief." *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978), *cert. denied*, 439 U.S. 1070 (1979). The Court considers the defendants' motion in light of the foregoing standard.

## II.  FACTS

The Clerk of Court issued a summons and order of garnishment and interrogatories to garnishee, Zurich North America ("Zurich") on November 8, 2006, in accordance with Oakland's amended affidavit and praecipe for summons and garnishment (Filing No. 36). Oakland then served the summons and order of garnishment and interrogatories upon Zurich (Filing No. 38). Zurich filed its responses to the summons and order of

garnishment and interrogatories on December 4, 2006 (Filing No. 39).

Subsequently, Oakland filed a praecipe and affidavit for garnishment for garnishee Maryland Casualty Company ("Maryland Casualty") on December 7, 2006 (Filing No. 40).  The Clerk of Court then issued a summons and order of garnishment and interrogatories to garnishee, Maryland Casualty on December 8, 2006.  Oakland then served the summons and order of garnishment and interrogatories upon Maryland Casualty (Filing No. 41).  The parties subsequently agreed that Maryland Casualty would have until January 3, 2007, to respond to the garnishment interrogatories.

On January 3, 2007, the Garnishees Maryland and Zurich filed a certificate of service with the Court (Filing No. 42) stating that they had served their responses to Oakland's garnishment and interrogatories on January 3, 2007.  The Garnishees subsequently filed their responses with the Court on January 5, 2007 (Filing No. 43).  Oakland then filed its application for determination of garnishees' liability and supporting documents on February 5, 2007 (Filing Nos. 44-46).

### III.   ARGUMENT

Neb. Rev. Stat. § 25-1030 provides that a garnishor has twenty days after a garnishee has filed an answer which denies an obligation or indebtedness in which to file an application for

determination of the liability of the garnishee.  The Nebraska Supreme Court has held that where a garnishor fails to apply for a determination of the garnishee's liability within twenty days after the garnishee files its answer, the Court shall discharge the garnishee from the garnishment proceedings.  *NC+ Hybrids v. Growers Seed Assn.*, 219 Neb. 296, 302, 363 N.W.2d 362, 366-67 (1985).

  Here, Oakland filed its motion to determine garnishee liability on February 5, 2007, more than twenty days after the Garnishees filed their answers and objections.  Oakland admits that it did not file within the statutorily proscribed twenty-day period but suggests the Court has the discretion to ignore the statutory deadline.  The Court disagrees.  As the Nebraska Supreme Court has stated, "[b]ecause garnishment is a creature of statute, garnishment proceedings are necessarily governed by statutory provisions and specifications.  Courts may not allow garnishment proceedings to follow any course other than that charted by the Legislature."  *NC+ Hybrids*, 228 Neb. at 302 (citations omitted).  Where Oakland failed to file its application to determine garnishee liability within the twenty-day time period mandated by Neb. Rev. Stat. § 25-1030, the Court has no option but to grant Garnishees' motion to dismiss with

prejudice.  A separate order will be entered in accordance with this memorandum opinion.

        DATED this 6th day of April, 2007.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court